

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. 0-5795
Re: Whether the State Health
Department can pay for
hospitalization and medical
care rendered in the border-
ing States and still comply
with the State Statutes con-
cerning the administration
of funds under the facts
stated.

Your letter of December 14, 1943, requesting the opin-
ion of this department on the question stated therein reads as
follows:

"In Opinion number 0-5583 relating to the use
of federal funds in providing Emergency Maternity
and Infant care for wives and infants of enlisted
men in the armed forces of the United States, you
stated in part: 'It is the opinion of this Depart-
ment that you are authorized to enter into a plan
for and administer the Federal funds alloted for
Emergency Maternity and Infant Care.....'

"I shall appreciate your opinion with reference
to this Department using Federal funds alloted for
Emergency Maternity and Infant Care in paying for
care given wives or infants of enlisted men while
they are without the bounds of Texas. Specifically,
may the State Department of Health pay for care given
wives or infants while they are in other states of
the Union.

"Please consider the following statement contain-
ed in the Directive of the U. S. Children's Bureau
which may be pertinent to this question:

MMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'The Children's Bureau urges that the
emergency maternity and infant care be
administered so that State borders will
not be a barrier to the purchase of serv-
ice and the provision of care. Whether
care is authorized in the State in which
the applicant lives or in the State in
which care is to be given relatively im-
material, since the services are financed
from Federal funds granted to the State
on a case basis. For example, when a
physician practicing in your State re-
quests authorization for care for an
eligible patient, it is recommended that
such authorization be approved irrespective
of whether the patient is living in your
State or is to be delivered in your State
or in an adjoining State. If hospital
delivery under such circumstances is to
be in the adjoining State, authorization
for hospital care is recommended, at the
same rate this hospital is paid by the
adjoining State, provided that the hospital
has been approved for the emergency mater-
nity and infant-care program by the State
health agency of the State in which the
hospital is located. The adjoining State
health agency should be advised of these
authorizations so that provision may be
made by them for nursing or social serv-
ices.' -- Supplement to MCH Information
Circular No. 13, July 30, 1943.

"Also consider the following as given in another
section of MCH Information Circular No. 13, issued
March, 1943:

"'Any woman in the state, irrespective
of legal residence, whose husband is an
enlisted man in the U. S. ----will be
eligible for the medical and hospital
maternity service.--- Similarly, any in-
fant under one year of age whose father
is an enlisted man --- will be eligible
for pediatric and other medical, surgical,
and hospital care provided under the plan.'

"I respectfully request an opinion upon this question
in order that I may properly administer funds alloted Texas
for this service."

Honorable George W. Cox, page 3

Your letter of a later date supplementing the fore-going request is as follows:

"I am sending you a supplement to the request from this department dated December 14, 1943, for an opinion on whether or not the State Department of Health should pay for medical and/or hospital services rendered to the wives and children of en-listed men when this care was given outside the boundaries of the state. The funds for the payment of this care are made available for this purpose and administered through the Children's Bureau of the Department of Labor.

"I shall attempt to clarify the question stated in the letter of December 14. The Children's Bureau, in their directive quoted in our previous letter, states that the state boundary should be no barrier in the payment of these services, whereas the plan that was certified by the Attorney General states that any woman or infant under one year of age living in the state and who is eligible will be entitled to the medical and/or hospital care, and the payment for this care will be made from the federal funds that are available. It should be noted that on the Attor-ney General's Opinion Number O-5883, October 19, 1943, it states that the State Health Department is acting as an administrative agent for the Children's Bureau of the Department of Labor. The question, therefore, is, 'can the State Health Department pay for hospitaliz-ation and medical care rendered in the bordering states and still comply with the state statutes concerning the administration of funds?'

"I hope this will give you sufficient information to clarify our question, * * *"

In connection with the question under consideration we have carefully considered the statements contained in the Directive of the U. S. Children's Bureau, which are quoted in your letter, our Opinion No. O-5883, and Subsection 10 of Section 2, General Provisions, S. B. No. 382, the departmental appropriation bill, 48th Legislature, 1943, page 1021, which reads as follows:

"(10) United States Funds and Aid. The proper
officer or officers of any State Departments, bureaus,
or divisions of State agencies are hereby authorized
to make application for and accept any gifts, grants,
or allotments or funds from the United States Govern-
ment to be used on State cooperative and other Federal
projects and programs in Texas, including construction
of public buildings, repairs and improvements. Any
of such Federal funds as may be deposited in the State
Treasury are hereby appropriated to the specific pur-
pose authorized by the Federal Government, and sub-
ject to the limitation placed on this Act."

We have failed to find any State statute pertaining to
your question except the provisions quoted above; therefore, in
view of the foregoing statements, it is our opinion that the State
Health Department can pay for hospitalization and medical care
rendered to wives and infants of enlisted men in the armed forces
of the United States in the bordering States provided, of course,
the State Health Department complies with the Federal rules and
regulations governing the same.

APPROVED
OPINION
COMMITTEE
BY

APPROVED JAN 28, 1944

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP